UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CREIGHTON B. GOODWIN,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

CASE NO. C09-5519BHS

ORDER DENYING IN PART TARGET'S MOTION TO DISMISS

This matter comes before the Court on Defendant Target Corporation's ("Target") motion to dismiss (Dkt. 70). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 27, 2009, Plaintiff Creighton B. Goodwin ("Goodwin") filed an Employment Discrimination Complaint against Target alleging discrimination and harassment based on race. Dkt. 7. On August 23, 2010, Goodwin filed an amended complaint (Dkt. 14) alleging discrimination and harassment based on race, age, sex, and religious belief. *Id*. ¶ 8.

On April 27, 2011, Goodwin filed a motion to cancel his deposition (Dkt. 58) and a motion to compel (Dkt. 59). On May 4, 2011, the Court denied Goodwin's motion and specifically informed Goodwin of his discovery obligations. Dkt. 61. On May 9, 2011, Goodwin filed a second motion to cancel his deposition. Dkt. 66.

On May 26, 2011, Target filed a Motion to Dismiss Under FRCP 41(b), 37(d), and 12(b)(6). Dkt. 70. On May 27, 2011, Goodwin responded. Dkt. 74. On June 10, 2011, Target replied. Dkt. 76. On June 17, 2011, Goodwin filed a declaration in support of his response. Dkt. 80.

## II. DISCUSSION

Target argues that the Court should dismiss Goodwin's complaint with prejudice because (1) Goodwin has failed to cooperate in discovery, (2) Goodwin cannot provide competent evidence, and (3) the complaint is legally deficient.

### A. Competent Evidence

Every person is competent to be a witness except as otherwise provided by these rules. Fed. R. Evid. 601. Target argues that the Court should dismiss Goodwin's claims because he cannot provide competent testimony. Target asserts that Goodwin's "repeated, voluminous, and rambling submissions demonstrate that he is not capable of receiving accurate impressions of the facts (or the Court's instructions) . . . ." Dkt. 70 at 10. While Goodwin's submissions may include material that is irrelevant to his positions or causes of action, the Court is not convinced that Goodwin is unable to provide competent evidence. Therefore, the Court denies Target's motion to dismiss on this issue. The Court also denies Target's additional requests to hold a competency hearing or require that Goodwin submit to a mental examination pursuant to Fed. R. Civ. P. 35.

### B. Discovery Violations

District courts may dismiss a case for failure to comply with pretrial procedures mandated by local rules and court orders. *Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986). Courts must consider the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the defendants, public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. *Id*.

ORDER - 2

In this case, Target argues that Goodwin's repeated refusal to cooperate in discovery warrants dismissal of his complaint with prejudice. Dkt. 70 at 6-9. Target contends that it has scheduled Goodwin's deposition three times with Goodwin refusing to appear for the first and second scheduled deposition and Target canceling the final attempted deposition on May 24, 2011, because Goodwin filed a motion to cancel the deposition. *Id*. at 4-7. On May 4, 2011, the Court informed Goodwin that Target may depose him and that failure to comply with discovery obligations may result in dismissal of his action in whole or in part. Dkt. 61 at 3. On May 18, 2011, Goodwin filed a document stating that he would comply with the "compulsory" deposition "mandate" of the Court subject to certain objections, which are as follow:

> 1) The Plaintiff will participate in direct contradiction to the advisement of a qualified medical professional.
> 2) The Plaintiff will participate under conditions of duress and emotional distress.
> 3) The Plaintiff will participate under conditions of coercion.
> 4) The Plaintiff will participate and/or reserves the right to changes his answers later and/or upon receipt of additional evidence.
> 5) The Plaintiff maintains that the scheduled deposition is intended to offend, humiliate, embarrass and oppress him.

Dkt. 67 at 3. Based on these facts, the Court finds that Goodwin has failed to comply with the Federal Rules of Civil Procedure regarding discovery, as well as a Court order specifically informing Goodwin of his discovery obligations. The Court must now consider the factors regarding whether dismissal with prejudice is appropriate.

The first two factors favor dismissal. This action is almost two years old with significant delays caused by Goodwin's failure to serve Target and failure to promptly file a joint status report. Moreover, Goodwin's failure to participate in discovery has caused the Court to reset the trial date and related pretrial deadlines.

With regard to the third factor, Target argues that it would be unduly prejudiced in its "ability to defend this litigation without obtaining reliable, competent deposition

ORDER - 3

testimony from [Goodwin] . . . ." Dkt. 70 at 7. The Court agrees with Target that its inability to depose Goodwin is unduly prejudicial.

With regard to the last two factors, the Court favors the disposition of cases on their merits and finds that less drastic measures are available at this stage of the litigation. For example, the dispositive motion deadline is over a month away and the Court may prohibit the introduction of evidence for discovery violations. Thus, there may be an opportunity to consider the merits of this action based on the evidence that may be admissible at trial.

Therefore, the Court denies Target's motion to dismiss the complaint with prejudice because Target has failed to show that there is an absence of other available sanctions. The Court will allow the parties to address the adequacy of less drastic sanctions in additional briefing.

**C.     Adequacy of the Complaint**

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

ORDER - 4

In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, if the court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

In this case, the Court agrees that the complaint is not a model of clarity for the causes of action asserted by Goodwin. The Court, however, must afford Goodwin the benefit of any doubt and, before ordering dismissal, must allow Goodwin an opportunity to amend his complaint by adding allegations of other facts to cure the current deficiencies. At this point of the proceeding, the Court is not convinced that such a procedure and opportunity would be the most efficient use of the Court's or the parties' resources. Therefore, the Court will reserve ruling on this issue and Target may address the Court's concern in its additional brief.

### III. ORDER

Therefore, it is hereby **ORDERED** that Target's motion to dismiss (Dkt. 70) is **DENIED in part** as stated above. The parties may file additional briefing on the issues set forth above no later than July 15, 2011. The briefs shall be limited to 10 pages and responses shall only be filed if specifically requested by the Court. The motion is **RENOTED** to July 15, 2011.

DATED this 5th day of July, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5