UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CREIGHTON B. GOODWIN,

        Plaintiff,

    v.

TARGET CORPORATION,

        Defendant.

CASE NO. C09-5519BHS

ORDER DENYING TARGET'S MOTION TO DISMISS AND ISSUING *RAND* WARNING

    This matter comes before the Court on Defendant Target Corporation's ("Target") motion to dismiss (Dkt. 70) and the Court order denying the motion to dismiss in part and allowing the parties to submit additional briefing (Dkt. 81).

    On July 5, 2011, the Court denied Target's motion to dismiss in part and allowed the parties to file additional briefing regarding the issue of whether the Court should grant Plaintiff Creighton B. Goodwin's ("Goodwin") leave to amend his complaint. Dkt. 81. The Court found that, although the complaint was difficult to comprehend, amendment may not be the most efficient method to decide this action on its merits. *Id*. at 5. On August 4, 2011, Target filed a motion for summary judgment. Dkt. 86. The motion references Goodwin's deposition and states that the "only claims plaintiff expressly asserts are for harassment and discrimination based on his age, religion, race, and gender." *Id*. at 11. Therefore, reading the complaint (Dkt. 14) liberally and based on Goodwin's assertions in his deposition, the Court finds that Goodwin has stated claims for relief under Title VII of

ORDER - 1

the Civil Rights Act of 1964 and hereby denies Target's motion to dismiss (Dkt. 70) in whole.

Target has filed a motion for summary judgment that is noted for consideration on August 26, 2011. If one of the parties files a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the opposing party must respond, by affidavits or as otherwise provided in Rule 56, and must set forth specific facts showing that there is a genuine issue for trial. In the event Defendant files a motion for summary judgment by which it seeks to have their case dismissed, Plaintiff is notified that summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end his case.

Rule 56 informs Goodwin what he must do in order to oppose the motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of Goodwin's case, the party who asked for summary judgment is entitled to judgment as a matter of law. If a party's motion for summary judgment is properly supported by declarations (or other sworn testimony), the opposing party cannot simply rely on what the complaint alleges. Instead, Goodwin must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Target's declarations and documents and show that there is a genuine issue of material fact for trial. If Goodwin does not submit his own evidence in opposition, summary judgment, if appropriate, may be entered against him. If summary judgment is granted, Goodwin's case will be dismissed and there will be no trial. *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

Pursuant to Local Civil Rule 7, Goodwin may file a response to the motion for summary judgment, including declarations, depositions, answers to interrogatories, or authenticated documents, by August 22, 2011, and shall provide a copy of any such response to Target's counsel by that date. If Goodwin does not file a response providing

the appropriate documentation as described above, judgment may be granted in Target's favor. If judgment is granted in Target's favor, the case will be dismissed and there will be no trial. Counsel for defendant may file any reply to the response by August 26, 2011.

Therefore, it is hereby **ORDERED** that Target's motion to dismiss (Dkt. 70) is **DENIED**.

DATED this 8th day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge